**COLVILLE CONFEDERATED TRIBES,**
**Plaintiffs-Appellants,**

v.

**Boyd WALTON, Jr., et ux., et al.,**
**Defendants-Appellees.**

**No. 83–4285.**

United States Court of Appeals,
Ninth Circuit.

April 22, 1985.

William H. Veeder, Washington, D.C., for plaintiffs-appellants.

Richard B. Price, Omak, Wash., for defendants-appellees.

ORDER DENYING REHEARING AND
THE EN BANC SUGGESTION

Before WRIGHT, SNEED and ALARCON, Circuit Judges.

The appellees' Petition for Rehearing, filed on February 8, 1985, is denied. The Suggestion for Rehearing En Banc has been circulated to all active judges of the court, none of whom has voted to have the appeal reviewed en banc. The En Banc Suggestion is denied.

SNEED, Circuit Judge, Concurring Separately:

I have no difficulty with the opinion of the court, 752 F.2d 397, except with respect to the conclusion that Walton is entitled only to sufficient water to irrigate thirty acres. The opinion rejects the trial court finding that "Walton exercised reasonable" diligence in irrigating a minimum of 104 acres." *See id* at 401, 402. This is done on the ground that the record lacks "sufficient evidence that the non-Indian owners preceding Walton had the requisite intent to irrigate any additional acreage." *See id* at 403 n. 4. I agree with this conclusion. I write only to point out that an Indian allottee who remains in possession of his allotment is treated much more generously. Such an allottee is entitled to sufficient water to meet his essential agricultural needs "when those needs arise." *See United States v. Adair,* 723 F.2d 1394, 1415 (9th Cir.1983) (quoting *United States v. Adair,* 478 F.Supp. 336, 346 (D.Or.1979)), *cert. denied,* — U.S. —, 104 S.Ct. 3536, 82 L.Ed.2d 841 (1984). The full measure of his rights need not be exercised immediately. *Id.* at 1416. The court in *Adair* refused to extend this generous treatment to a non-Indian successor to an Indian allottee because of *Colville Confederated Tribes v. Walton (Walton II),* 647 F.2d 42 (9th Cir.), *cert. denied,* 454 U.S. 92, 102 S.Ct. 657, 70 L.Ed.2d 630 (1981). The combined effect of *Walton II,* as explicated by this case, *Walton III,* and *Adair,* is to have made impossible the transfer by an Indian allottee to a non-Indian successor the full economic value of the allotment. *Cf. United States v. Anderson,* 736 F.2d 1358, 1362 (9th Cir. 1984). There is a serious question whether this properly reflects congressional intent.

However, the law of this court is adequately clear, and the existence of a contrary congressional intent sufficiently uncertain, to require that I concur in the court's opinion. Equal treatment of Indian allottees and non-Indian successors in interest of Indian allottees would better serve the interests of justice.